WILLIAM H. GODWIN and HORACE M. WHITMORE, Respondents, *v.* WILLIAM P. C. STEBBINS, Appellant.

In a possessory action, it is sufficient for the plaintiff to state that he was lawfully entitled to the possession of the premises, without setting out the evidence of his right.

The statute requiring the complaint to contain a statement of the facts constituting a cause of action, in ordinary and concise language is only declaratory of the common law.

A mere trespasser, or one occupying under a mere permission, without consideration, and which has been revoked, is not entitled to notice to quit, or demand of possession before suit.

APPEAL from the District Court of the Fourth Judicial District.

The respondents filed their complaint against the appellant, stating that the plaintiffs were "lawfully entitled to the possession of" certain described real estate, and that the defendant "is in possession of the same, and unlawfully holds possession thereof from the plaintiffs;" and praying judgment that the defendant be adjudged to surrender possession of said real estate, and pay damages for withholding thereof, as well as the rents and profits, to the amount of $1000.

The defendant answered, denying the complaint. The suit was brought June 3d, 1851. On the 7th of November, 1851, the defendant moved for a continuance, on his affidavit that one Hinman, then absent in the mines, was a material witness for him; that said Hinman, at the defendant's request, had remained in San Francisco four weeks for the purpose of being a witness on the trial, and had agreed to stay till the trial, but had suddenly left the city without the defendant's knowledge; that the defendant had made diligent inquiry, so as to be able to communicate with the witness, and expected to be able to procure his testimony by the next term; and that he could not prove the same facts by any other witness. The Court overruled the motion. On the trial before the Court, (the parties waiving a jury,) the defendant moved to dismiss the action for insufficiency of the complaint; which was overruled. It was proved that the pre-

mises were worth about $2000; that the rent of them was worth about $100 per month; that the defendant had occupied them about a year, for storing lumber, &c.; that the defendant went into possession by the permission of the plaintiffs, and was to put up a fence for the privilege of storing lumber on the lot, but was to leave the lot whenever the plaintiffs wanted it, or in case they should want to lease it, to pay them the same rent others would; that the defendant was not to have the exclusive use of the lot, but only the privilege of putting lumber on it, and was to remove the lumber whenever the plaintiffs might wish him to do so; that the plaintiffs, before bringing this suit, notified the defendant that he must pay rent, or remove his lumber, &c., from the lot, and move off of it; and that the plaintiffs had leased portions of the premises, &c.; but the defendant, though he promised to see the plaintiffs, &c., still continued to occupy it with his lumber. There was no distinct proof of a formal demand of possession by the plaintiff, or a refusal of the defendant to quit; but the evidence tended to show that the defendant was rather unwilling to quit the premises.

The defendant moved for a nonsuit, for want of proof of demand of possession, &c.; which was denied. The Court found for the plaintiffs; and assessed damages against the defendant in the sum of $720. A motion by the defendant for a new trial was overruled; and judgment rendered that the plaintiffs have possession of the premises, with the damages assessed and costs. The defendant excepted, and appealed.

*Hacket* and *Judah*, for the appellants. 1st. The complaint is insufficient. New Pract. Act, sec. 39; 3 N. Y. Co. R. 34; 4 How. Pract. Rep. 119. 317. 2nd. Proof of demand was necessary.

*Holmes* and *Lippitt*, for the respondent. 1st. The affidavit for a continuance neither showed diligence, nor that the evidence was material. Pract. Act, sec. 158. 2nd. The allegation in the complaint is sufficient. How the plaintiffs were entitled, was matter of evidence. 3d. A prior possession by the plaintiffs was shown. 4th. The damages were not excessive. 5th. There was no tenancy, and no demand was necessary. The defendant occupied under a mere license, which was revoked eight months be-

fore suit.  6th.  The alleged agreement of the plaintiffs that the defendant might occupy, was a *nudum pactum.*

Justice HEYDENFELDT delivered the opinion of the Court. The appellant's counsel has waived all objections but two, which he has urged with much ability.  The first is, that the declaration alleges that the plaintiffs were lawfully entitled to the possession of the premises sued for, and that this is insufficient, because the statute declares that "the complaint shall contain a statement of the facts constituting the cause of action, in ordinary and concise language."  We decide that the statute is only declaratory of the requisition at common law, and that the averment is of a material fact, and therefore sufficient; and that it would have been unnecessary and superfluous for the plaintiffs below to have encumbered the record by setting out in his declaration the evidence of his right.

The next assignment of error relied on is, that the action was brought without a demand of possession, or notice to quit.  According to the evidence, no such thing as a tenancy existed. The defendant below had merely the permission of the plaintiffs, without any consideration, to place upon the lot some building materials, to serve his convenience in some construction he was erecting in the vicinity of the lot in question.  From the entire history of the case, as disclosed by the record, we infer that the defendant was a mere naked trespasser; and it would be absurd, in such a case, to require either a demand, or notice to quit.

Let the judgment be affirmed.